# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-7099**

**September Term, 2025**

FILED ON: JULY 24, 2026

JA'NET SHEEN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT MURPHY, DECEASED,
APPELLANT

v.

DISTRICT OF COLUMBIA,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-01478)

---

Before: HENDERSON, CHILDS and GARCIA, *Circuit Judges*

### J U D G M E N T

The Court considered this appeal on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. After according the issues full consideration, the Court is satisfied that appropriate disposition of the appeal does not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). For these reasons, and those below, it is hereby

**ORDERED** and **ADJUDGED** that the district court's order on July 15, 2019, dismissing Plaintiff's complaint in part, is **AFFIRMED**. It is **FURTHER ORDERED** that the district court's oral order on June 21, 2023, denying Plaintiff's motion *in limine* for sanctions pursuant to Federal Rule of Civil Procedure 37(c) is **AFFIRMED**.

\* \* \*

Ja'net Sheen, the widow and executor of the estate of Plaintiff Robert Murphy, appeals the district court's dismissal of Plaintiff's third-party retaliation claim against his former employer, the District of Columbia. Sheen also appeals the district court's later denial of Plaintiff's motion *in limine*, which sought an adverse jury instruction against the District of Columbia as a sanction

1

for its untimely production of a document. Plaintiff had ample opportunity below to move for relief that could have cured what he now asserts is reversible error. Hence, we decline to upend the resolution of this litigation by second-guessing the district court's informed decision-making. Instead, we hold that the district court did not err by dismissing a theory of a claim that Plaintiff implausibly and inadequately pled. Further, we hold that the district court did not abuse its discretion by denying Plaintiff's motion for a disproportionate and prejudicial adverse jury instruction to be read against the District of Columbia.

## I.

In 2015, Plaintiff Robert Murphy had been serving in the D.C. Department of Corrections (DOC) for 25 years and the highest rank he achieved was Lieutenant. On June 19, 2015, the DOC and D.C. Department of Human Resources sent Murphy a termination letter and on July 10, 2015, Murphy's termination became final. Three years after his termination, Murphy filed a multi-count employment discrimination suit in the U.S. District Court for the District of Columbia. Therein, he sued the District of Columbia (District) for the alleged unlawful actions of DOC employees in their official capacities.

In his amended complaint (Complaint), Murphy alleged violations of the Americans with Disabilities Act, the Family Medical Leave Act, the D.C. Family Medical Leave Act, Title VII of the Civil Rights Act of 1964 (Title VII), and the D.C. Human Rights Act of 1977. In the fourth count of his Complaint, Murphy alleged two theories of retaliation in violation of Title VII, a perception theory of retaliation and a third-party theory of retaliation. Title VII prohibits employers from retaliating against any "employees or applicants for employment" or "any individual" because they engaged in protected activity. 42 U.S.C. § 2000e-3(a). Murphy alleged that his termination violated Title VII because it was done in retaliation for his wife's protected conduct, that being her participation in a civil sexual harassment suit against Murphy's supervisor, Major Joseph Pettiford. Though his wife's identity was integral to his third-party theory of retaliation, Murphy did not name his wife or state what employment relationship, if any, she had with the DOC in either his original or amended complaint.[1]

The District filed two motions to dismiss. In both motions, the District argued that Murphy failed to state a third-party retaliation claim because he made no allegations that his wife was a former, current, or prospective employee of the DOC. Crucially, allegations about his wife's employment status were required to understand: (1) if Murphy was within the zone of interests that Title VII is meant to protect; and (2) whether the circumstances of Murphy's termination could constitute prohibited employer conduct within the ambit of Title VII.

---

[1] The following information became available later at summary judgment and is provided strictly for context; it was not a factor in this court's review of the district court's dismissal of the third-party theory of Murphy's retaliation claim: In 2015, Murphy was married to Ja'net Sheen, a former DOC correctional officer. As is relevant to this case, from 2006 to 2009, Sheen was allegedly harassed and assaulted by Major Joseph Pettiford, her supervisor at the DOC. Sheen later served as a witness in a civil sexual harassment suit against Pettiford and the DOC. Sheen sat for multiple depositions in this dispute, including one in the summer of 2015 where Sheen described in detail her allegations about Pettiford's assault and his sexual harassment of her.

2

*Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173–75, 177–78 (2011) (suggesting parameters of a viable Title VII third-party retaliation claim); *accord Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Libr. of Cong., Inc. v. Billington*, 737 F.3d 767, 772–73 (D.C. Cir. 2013). Murphy responded to the District's first motion to dismiss by amending his complaint, but he still failed to allege his wife's identity or employment relationship with the DOC. Regarding the District's second motion to dismiss, Murphy's response did not address the District's argument that Murphy did not allege that his wife is, was, or had applied to be an employee of the DOC.

The district court granted in part and denied in part the second motion to dismiss the Complaint. In relevant part, the district court's order dismissed Murphy's third-party theory of his Title VII retaliation claim in the following way:

> In addition to arguing over the perception theory, the parties appear to dispute whether a so-called "third-party retaliation" theory applies in this case. Under that theory, an employee can state a Title VII retaliation claim when the employer retaliates against the employee for engaging in protected activity by punishing a different employee with whom the original employee has a close relationship—for instance, a fiancé or spouse. See Thompson v. N. Am. Stainless, LP, 562 U.S. 170, 173–74 (2011). The third-party retaliation theory does not apply here, however, because Murphy's wife is not a DOC employee, and Murphy cannot state a retaliation claim premised exclusively on a non-employee's participation in protected activity. See Billington, 737 F.3d at 772 ("Retaliation by an employer is unlawful only if that retaliation occurred because of actions by 'employees or applicants for employment.'" (quoting 42 U.S.C. § 2000e-3(a) (emphasis added)).

*Murphy v. District of Columbia*, 390 F. Supp. 3d 59, 70 n.8 (D.D.C. 2019) (additional citations omitted). Ultimately, by the end of trial, the jury only considered Murphy's perception theory of his Title VII retaliation claim.

On the eve of trial, the District gave Murphy's counsel a previously undisclosed document. The document was a June 18, 2015 memorandum from Thomas Faust to Karla Kirby (Letter), who were respectively the Director of the DOC and the Interim Director of the D.C. Department of Human Resources at the time. The Letter was one of two attachments to an email exchange that had previously been disclosed in discovery, the other attachment being Murphy's termination letter. In the previously undisclosed Letter, Faust indicated that he sought the authority to terminate Murphy, marking this termination as one not made for disciplinary reasons and referencing an offer to retreat to a lower position rather than outright termination.[2] Pl.'s Mot.

---

[2] The District of Columbia's "Management Supervisory Service" employees are at-will but enjoy special benefits as part of the terms of their employment. D.C. Code § 1–609.54. Relevant here, D.C. Code requires that these

Lim. Disc. Sanctions Ex. 1, at 1, ECF No. 73.[3]  An offer to retreat was not reflected in Murphy's June 19, 2015 termination letter.  *Id.* at 3–4.

In response to the Letter's late production, Murphy filed a "Motion *in limine* and for Discovery Sanctions," asking for attorney's fees and costs, and the adverse jury instruction (Jury Instruction) reproduced below:

> This June 18, 2015 Memorandum from Mr. Faust to Karla Kirby was unlawfully, withheld by the District of Columbia during the discovery process, and in order to offset the extreme prejudice accruing to the plaintiff the Jury is instructed that the defendant did not produce this exhibit until June 15, 2023, that the contents of this Memorandum is inconsistent with the Content of the June 19 letter, transmitted to Mr. Murphy by Mr. Faust, reportedly on June 19, and that you may draw an adverse inference that the District of Columbia government failed to produce the June 18, 2015 Memorandum to mislead the Plaintiff regarding his retreat rights as a Career Service Employee and that he was effectively terminated without the benefit of his retreat rights under the career service regulations.

Pl.'s Mot. Lim. Disc. Sanctions at 4.  Murphy never asked for the Letter to be excluded in his motion, nor did he later do so on the record at trial.  In response to Murphy's motion, the District argued that Murphy failed to explain why the Jury Instruction was necessary to cure its alleged discovery violation.  The District further argued that the Letter was irrelevant to Murphy's claims.

At trial, Murphy moved to enter the Letter into evidence, and the motion was granted without objection.  Trial Tr. at 153:4–156:9.  Later on during the trial, the district court found that Murphy had not met his burden to be granted the Jury Instruction and also found the Jury Instruction prejudicial.  *Id.* at 263:6–14, 264:10–266:5, 267:19–21.  The district court determined that the discovery violation "amount[ed] to some prejudice" because the District's late production of the Letter denied Murphy "the opportunity to explore the contents of the [Letter], particularly the retreat-rights issue, during discovery."  *Id.* at 260:19–22.  However, the district court still found that the Jury Instruction was not responsive to this prejudice.  In addition, the court concluded that the Jury Instruction was otherwise inappropriate under the circumstances before it.  In support of this conclusion, the district court noted that the Letter was produced, rather than destroyed or spoliated.  Relatedly, the district court determined that the District's actions displayed, at most, negligence rather than bad faith.  Thus, the district court denied Murphy's motion *in limine*.

---

employees "[u]pon termination . . . may retreat, at the discretion of the personnel authority . . . to a vacant position within the agency to which he or she was promoted for which he or she is qualified."  *Id.*; *see also* D.C. Mun. Regs. tit. 6-B, § 3813.5 (2014).  In its telling, the District maintains that the reference to retreat rights in the Letter was scrivener's error and that a retreat was unavailable to Murphy.  Appellee's Br. 13–14.

[3]  All Electronic Case Files (ECF) system citations that are marked with "ECF No." are references to items in the district court docket, *Murphy v. District of Columbia*, No. 18-cv-1478 (D.D.C. June 22, 2018).

At the conclusion of the trial, the jury found for the District on Murphy's perception theory of his Title VII retaliation claim. Later, after the trial, Murphy passed away. Now, his interests are represented by Ja'net Sheen, who is his widow and the executor of his estate. Sheen, on Murphy's behalf (Appellant), argues on appeal that the district court erroneously dismissed Murphy's third-party retaliation claim by failing to recognize that Sheen was formerly an employee of the DOC. Appellant further argues that the district court erred by declining to grant the motion *in limine* for sanctions. We take those arguments in turn.

**II.**

**A.**

We have jurisdiction over this appeal under 28 U.S.C. § 1291, and this court reviews a district court's decision to grant a motion to dismiss *de novo*. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). While all reasonable inferences are made in the non-movant's favor, *Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 529 (D.C. Cir. 2025), a complaint must have "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, the question is whether there were allegations in the Complaint that would allow this court to even draw the necessary inference to revive Appellant's third-party theory of retaliation, namely that Sheen had a qualifying employment relationship with the DOC.

As the Complaint is written, the allegations are "merely consistent with" the notion that the District may be liable for third-party retaliation, but this is not enough to prevail. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Neither of Murphy's complaints contain allegations about the identity of Murphy's "wife," her employment relationship with the DOC, or her involvement in the civil suit.[4] Compl. ¶¶ 17, 19, 38–39, 43–44; Am. Compl. ¶¶ 17–19, 38–39, 43–44. Appellant argues that the District knew this information, but in this instance our metric is whether this information can be learned from the Complaint.[5] The Complaint merely reflects the "sheer possibility" that the District is liable for third-party retaliation. *Iqbal*, 556 U.S. at 678; *see, e.g.*, Am. Compl. ¶ 19 ("Major Pettiford retaliated against Plaintiff and proposed Plaintiff's termination as a result of Plaintiff requesting FMLA leave and/or in response to Plaintiff's wife's testimony against Major Pettiford in the sexual harassment lawsuit."). This is not enough for the third-party retaliation claim to be facially plausible. *Iqbal*, 556 U.S. at 678 (holding that allegations must be more than "'merely consistent with' a defendant's liability" (quoting *Twombly*,

[4] Nor does Appellant even argue that this court should construe the Complaint liberally and infer that Sheen had a qualifying employment relationship with the DOC, and we will not make this argument on Appellant's behalf. *Gov't of Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019) ("A party forfeits an argument by mentioning it only 'in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.'" (quoting *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005))).

[5] This court could take judicial notice of the proceedings against Pettiford and the DOC that Sheen was involved in. Fed. R. Evid. 201(c)(1), (d) (permitting courts to take judicial notice of facts *sua sponte*). However, it is not clear that we should do more than notice the litigation's existence. *Dupree v. Jefferson,* 666 F.2d 606, 608 n.1 (D.C. Cir. 1981) (taking judicial notice of related proceedings); *see also* Fed. R. Evid. 201(b)(2) (providing that judicial notice may be taken for facts not subject to "reasonable dispute" and whose "accuracy cannot reasonably be questioned").

550 U.S. at 557)). Instead, proper allegations reflecting the "plausibility" of Appellant's "entitlement to relief" would include Sheen's identity and her qualifying employment relationship with the DOC. *Id.* (citation modified).

Moreover, Appellant was on notice that he needed to cure his inadequate pleadings, and he repeatedly declined to do so. In both of its motions to dismiss, the District argued that the Complaint failed to state a third-party retaliation claim because it did not allege Appellant's wife's employment relationship with the DOC. Def.'s Mem. Supp. Mot. Dismiss Compl. 1, 5, ECF No. 4; Def.'s Mem. Supp. Mot. Dismiss Am. Compl. 1, 9–12, ECF No. 12. In spite of this, Appellant did not amend the Complaint to address this issue, nor did he address the District's argument when opposing its second motion to dismiss. Pl.'s Opp'n Def.'s Mot. Dismiss Am. Compl. 8–10, ECF No. 14. Nor did Appellant file a motion for reconsideration after his third-party retaliation claim was dismissed. Appellant indeed made no move to correct the district court's understanding, and it appears that the district court only became aware of Sheen's name and employment relationship with the DOC at the summary judgment stage. And we will not consider summary judgment evidence to revive a theory of liability that the district court dismissed at the pleading stage.

Thus, because the Complaint did not include the allegations needed to support a third-party theory of retaliation, we affirm the district court's dismissal in part of Murphy's Title VII claim.[6]

**B.**

Next, we review Appellant's challenge to the district court's decision to decline to impose his requested Jury Instruction.[7] We review such a ruling for abuse of discretion. *Huthnance v. District of Columbia*, 722 F.3d 371, 377 (D.C. Cir. 2013). For discovery-related matters, our deference to the district court is high, so to support that there was abuse of discretion, the challenger must show that the district court's decision was "clearly unreasonable, arbitrary, or fanciful." *Kapche v. Holder*, 677 F.3d 454, 468 (D.C. Cir. 2012) (citation modified). Importantly, if the argued error does not affect the challenger's "substantial rights," then we will not reverse a district court's discovery order. *See United States v. Riley*, 115 F.4th 604, 616 (D.C. Cir. 2024) (citation modified). Appellant bears the burden of proving that the district court's order caused this harm. *Xereas v. Heiss*, 987 F.3d 1124, 1134 (D.C. Cir. 2021) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

In pertinent part, Rule 26 requires that a party, "without awaiting a discovery request," make an initial disclosure to the opposing party that includes "a copy . . . of all documents [and]

---

[6] Appellant also posits that the district court misapplied precedent by concluding that his wife could only be a current employee for him to bring a viable third-party retaliation claim. The district court did not do so, *Murphy v. District of Columbia*, 390 F. Supp. 3d 59, 70 n.8 (D.D.C. 2019), and we decline to shadowbox invented error.

[7] Appellant also seems to challenge that his counsel was not awarded attorney's fees and costs under Rule 37. Appellant's Br. 17; Fed. R. Civ. P. 37(c)(1)(A). However, because the district court denied Murphy's motion *in limine* for sanctions, it directed him to move again for attorney's fees and costs. Trial Tr. 372:11–373:11. Murphy did not do so, and we decline to consider a request made for the first time on appeal. *Ellipso, Inc. v. Mann*, 480 F.3d 1153, 1157 (D.C. Cir. 2007) (noting that issues not asserted in district court are often not heard on appeal).

electronically stored information . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). As the court below noted, it was the District's obligation to produce the Letter in question in its initial discovery disclosures, as the Letter was in the District's custody and control. Trial Tr. at 3:4–6, 18–25; Fed. R. Civ. P. 26(a)(1)(A)(ii); *see* J.A. 464–65 (Letter). Rule 37 allows the district court to impose sanctions for a party's failure "to provide information . . . as required by Rule 26(a)." Fed. R. Civ. P. 37(c)(1). These sanctions *may* include informing the jury of the failure to disclose the document at issue in discovery. Fed. R. Civ. P. 37(c)(1)(B). Assessing the propriety of a sanction may include "consider[ing] the resulting prejudice to the other party, any prejudice to the judicial system, and the need to deter similar misconduct in the future." *Klayman v. Jud. Watch, Inc.*, 6 F.4th 1301, 1312 (D.C. Cir. 2021) (quoting *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996)).

Before addressing the merits of the requested Jury Instruction, we begin by assessing the ultimate issue in our review: whether the error Appellant identifies actually resulted in prejudice to his substantial rights in this litigation. *See Riley*, 115 F.4th at 616 (citation omitted). "For an error to affect a party's substantial rights, it must have been prejudicial: It must have affected the outcome of the district court proceedings." *Xereas*, 987 F.3d at 1134 (citation modified). To that end, Appellant asserts that the district court abused its discretion by failing to understand the implications of the Letter for the merits of his case and the outcomes of earlier court orders. Yet, the Jury Instruction does not, in fact, pertain to Appellant's substantial rights. Not a word of the Jury Instruction touched on the liability or damages issues that were heard at trial. Instead, it discussed the procedural termination rights available under provisions of the D.C. Code that appear nowhere in the allegations or counts of the Complaint.

It is also not clear that the Letter created any prejudice at all. The strongest evidence for this conclusion is that Appellant never even asked the district court to exclude the Letter in his motion *in limine*. Nor did Appellant argue here that the Letter should have been excluded. What's more, Appellant declined to do so despite the Rules explicitly allowing such actions. Fed. R. Civ. P. 37(c)(1). We are inclined to agree with the district court that whatever prejudice the Letter caused was related to Appellant's ability to conduct additional discovery and explore making additional pleadings in his Complaint. *See* Trial Tr. 260:19–22. Be that as it may, Appellant did not request alternative sanctions that would ameliorate that prejudice. For instance, Appellant did not move for leave to amend the Complaint, pursue additional responsive discovery, or continue the trial. And he could have. *See* Fed. R. Civ. P. 37(c)(1)(C) (permitting the court to "impose other appropriate sanctions"). Appellant only requested the Jury Instruction before the district court, and it is all he requests now.

The Jury Instruction standing alone is also unsupportable. Any sanction cannot be more severe than the situation requires or disproportionate to the prejudice claimed. *Bonds*, 93 F.3d at 808 (noting that the purpose of our review is to prevent "too severe [of] a discovery sanction"); *Klayman*, 6 F.4th at 1312 ("Choosing a sanction 'should be guided by the concept of proportionality between offense and sanction.'" (quoting *Bonds*, 93 F.3d at 808)). Here, the severity of the Jury Instruction is not proportional to the District's discovery violation. To begin,

the Jury Instruction's language strongly accuses the District of misconduct. *See, e.g.*, Pl.'s Mot. Lim. Disc. Sanctions at 4, ECF No. 73 (stating that the Letter was "unlawfully . . . withheld" and resulted in "extreme prejudice accruing to the plaintiff"). In addition, the Letter is neither missing nor destroyed. *See Huthnance*, 722 F.3d at 378 (explaining that "the *missing* evidence rule" is employed "when a party has relevant evidence within their control which they fail to produce, so that failure gives rise to an inference that the evidence is unfavorable to them" (emphasis added) (citation modified)). Consider also that Appellant has not challenged the district court's finding that the District's untimely production was negligent, rather than done in bad faith. Moreover, it was *Appellant* who moved for the Letter to be entered into evidence. Trial Tr. at 153:4–156:9. Given these circumstances, it is clear that an adverse inference instruction, especially the one requested by Appellant, would have been improper and prejudicial. Accordingly, the district court did not abuse its discretion by denying Appellant's motion *in limine*.

\* \* \*

For the foregoing reasons, we conclude that the district court did not err by dismissing Appellant's third-party theory of his Title VII retaliation claim and did not abuse its discretion in denying his motion *in limine* for sanctions. We therefore affirm.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for hearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

8